WILLARD WYCOFF v. PRITCHARD PAINT & GLASS COMPANY

No. 7625SC402

(Filed 20 October 1976)

1. **Contracts § 27— damages for breach of contract sought — sufficiency of evidence**

In an action to recover damages for breach of contract to install windows and doors in plaintiff's motel, evidence was sufficient to be submitted to the jury where it tended to show that defendant contracted with plaintiff to furnish and install in plaintiff's motel doors and windows with 4″ by 1¾″ aluminum frames, but that defendant installed doors and windows with 1″ by 3″ aluminum frames, and that the doors and windows would not fit properly into the spaces left in the several motel units for that purpose, and that plaintiff was damaged by defendant's breach of the contract.

2. **Rules of Civil Procedure § 39— jury trial granted 2 years, 10 months after action commenced — no error**

The trial court did not abuse its discretion in allowing plaintiff's motion for a jury trial made some two years and ten months after the action was commenced.

APPEAL by plaintiff from *Kirby, Judge*. Judgment entered 13 January 1976 in Superior Court, CATAWBA County. Heard in Court of Appeals 22 September 1976.

This is a civil action wherein the plaintiff, Willard Wycoff, seeks to recover damages from the defendant, Pritchard Paint & Glass Co., for the breach of a contract to install windows and doors in plaintiff's motel. The action was tried before a jury, and at the close of plaintiff's evidence the court granted defendant's motion for a directed verdict. From the order granting the motion, plaintiff appealed.

*Whitener and Austin, by Joe P. Whitener and Steve A. Austin, for plaintiff-appellant.*

*Butner, Rudisill & Brackett, by J. Steven Brackett, for defendant-appellee.*

HEDRICK, Judge.

The one question raised by the plaintiff on this appeal is whether the trial court erred in directing a verdict for the defendant at the close of plaintiff's evidence. When the evidence is considered in the light most favorable to plaintiff, it tends to show the following:

Plaintiff had a motel constructed in Icard, North Carolina, and in connection therewith negotiated with the defendant for the latter's providing and installing the doors and windows in the several motel units. Pursuant to these negotiations the defendant forwarded to the plaintiff a written proposal in January, 1973 for the installation of the doors and windows.

Under the terms of the proposal the defendant was to install in each of the 36 motel units doors and windows " . . . set in $1\frac{3}{4}''$ by $4''$ aluminum frames." The contract price for the work to be performed by defendant was $11,900. Each copy of the written proposal given to the plaintiff was signed by the defendant's agent. Plaintiff signed one of the copies of the proposal and returned it to the defendant.

Defendant began work on the motel in March of 1973. After defendant began work plaintiff made a payment to the defendant, pursuant to the terms of the contract, of $10,000. Plaintiff testified that defendant "ran into trouble because the frames were not as big as the doors was [sic]. The frames were $3'' \times 1''$ and they were supposed to have $4''$ frames by $1''$ and $\frac{3}{4}''$." As a result the doors and windows would not open and close correctly. Defendant attempted to remedy the problem but refused to take out the frames and replace them with $4'' \times 1\frac{3}{4}''$ frames. Defendant terminated work in August 1973. Subsequently plaintiff contracted with Statesville Glass Company to take out 18 of the windows at a cost of $6,500.00 and to replace nine more of the windows at a cost of $3,250.00.

[1]  In our opinion the evidence in the case is sufficient to require the submission of the case to the jury. The evidence raises inferences that the defendant contracted with plaintiff to furnish and install in plaintiff's motel doors and windows with $4''$ by $1\frac{3}{4}''$ aluminum frames, but that the defendant installed doors and windows with $1''$ by $3''$ aluminum frames, and that the doors and windows would not fit properly into the spaces left in the several motel units for that purpose, and that the plaintiff was damaged by defendant's breach of the contract.

---

---

**[2]** By cross assignment of error made pursuant to Rule 10(d), N. C. Rules of Appellate Procedure, 287 N.C. 669, 700 (Appendix 1975), defendant contends the court erred in allowing the plaintiff's motion for a jury trial which was made some two years, ten months after the action was commenced. Even though a party has failed to demand a jury trial as prescribed by G.S. 1A-1, Rule 38(b), it is within the discretion of the trial judge to grant a subsequent motion for a jury trial. G.S. 1A-1, Rule 39(b); *Shankle v. Shankle,* 289 N.C. 473, 223 S.E. 2d 380 (1976). The defendant has failed to show any abuse of discretion on the part of the trial judge in allowing the plaintiff's motion for a jury trial. Defendant's cross assignment of error is not sustained.

For the reasons stated the judgment directing a verdict for the defendant is reversed and the cause is remanded to the superior court for a new trial.

Reversed and remanded.

Judges MORRIS and ARNOLD concur.